284 So.2d 521 (1973)
George R. SAXTON
v.
L.A. PENN & SONS, INC. and Employers Mutual Liability Insurance Company of Wisconsin.
No. 47251.
Supreme Court of Mississippi.
October 29, 1973.
J.H. Hogue, Jr., Yazoo City, for appellant.
Daniel, Coker, Horton, Bell & Dukes, Alben N. Hopkins, L. Kenneth Krogstad, Gulfport, for appellees.
GILLESPIE, Chief Justice:
George R. Saxton, claimant, was denied workmen's compensation benefits on the ground that he was not an employee of L.A. Penn & Sons, Inc. (Penn). Claimant then appealed to the Circuit Court of Yazoo County where the order of the Workmen's Compensation Commission denying benefits was affirmed. In this Court claimant contends that he was Penn's employee, solely because what he did for Penn was an integral part of Penn's business. Rejecting claimant's argument, we affirm.
International Paper Company (International), a large user of pulpwood, maintained a woodyard in Yazoo City. It acquired all of its pulpwood through two dealers, Penn and Forest Owners. Both dealers maintained offices near International's woodyard.
*522 Penn acquired pulpwood in several ways. Sometimes it would buy wood from International Paper Company, cut it, and sell it back to International. At other times it cut and hauled pulpwood to International on a service contract or subcontracted such cutting to producers. It bought timber by the tract or on a stumpage or royalty basis from individuals and then either cut it or contracted with producers to cut it. It helped producers find pulpwood to buy from landowners, and then the producers cut and sold the wood to Penn. Penn bought some pulpwood from individuals who made their own arrangements to acquire stumpage. A producer who brought pulpwood into International's yard designated the dealer for whom the pulpwood was being delivered, Penn or Forest Owners. The producer was given by International a scale ticket showing the type and quantity of wood delivered for his dealer's account and was paid by the dealer, Penn or Forest Owners. For additional facts as to Penn's method of doing business, see Brown v. L.A. Penn & Son, 227 So.2d 470 (Miss. 1969).
The claimant started as a pulpwood producer by hauling a load to Penn's competitor, Forest Owners. Penn's agent knew claimant and called him over to Penn's office, and claimant was offered a more attractive proposition to sell his pulpwood to Penn. Whereupon claimant brought three loads of pulpwood to International's yard for the account of Penn. He was injured while cutting the fourth load, and it was delivered by someone else. Claimant's wife collected from Penn the money due for all four loads. Claimant furnished his own truck and did his own cutting from his father's farm. Penn had no connection with the acquisition of the stumpage. Claimant had not engaged in the pulpwood business prior to the cutting and sale of the five loads already mentioned.
Claimant does not contend that Penn had any control or right of control over the method or means used in acquiring, cutting and selling pulpwood to Penn. He relies solely on the fact that dealing in pulpwood was Penn's business, and he contends that his cutting pulpwood and selling it to Penn constituted an integral part of Penn's business. It is argued that "the modern tendency is to find employment when the work being done is an integral part of the regular business of the employer, and when the worker, relative to the employer, does not furnish an independent business or professional service." Brown v. L.A. Penn & Son, supra; Brown v. E.L. Bruce Co., 253 Miss. 1, 175 So.2d 151 (1965); Shumpert Truck Lines v. Horne, 227 Miss. 648, 86 So.2d 499 (1956); Dunn, Mississippi Workmen's Compensation § 131 (2d ed. 1967).
A review of the authorities relied upon by claimant reveals that the common-law control test determined employment status. The nature of the work is one of numerous indicia of control and the resulting employment relationship. Dunn, Mississippi Workmen's Compensation § 130 (2d ed. 1967). None of the cases hold that the nature of the injured person's work  the mere fact that it constituted an integral part of the business  is alone sufficient to establish the relationship of employer and employee.
Penn employed several methods of acquiring pulpwood, and no doubt some of the people performing work for it were Penn's employees. The relationship between Penn and claimant was that of vendor and vendee. Cf. Cooks v. Neely Lumber Company, 275 So.2d 386 (Miss. 1973).
This is not a case where the facts require or justify a finding that the vendor's position is "so combined in an entire pattern of work for an employer as to bring it within the coverage of the Act." Dunn, Mississippi Workmen's Compensation § 142 (1972 Supp.).
Affirmed.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.