Jesse W. BRYANT, Jr., Plaintiff,

v.

W.E. NEALEY, Jr. and Piedmont Carolina Transportation, Inc., Defendants.

No. EC82–259–NB–O.

United States District Court, N.D. Mississippi, E.D.

Dec. 10, 1984.

Dolton W. McAlpin, James M. Ward, Starkville, for plaintiff.

Richard D. Gamblin, Jackson, for defendants.

## MEMORANDUM ORDER

BIGGERS, District Judge.

This cause is before the court on the motion of defendant W.E. Nealey, Jr. for summary judgment. Having received and considered the memoranda filed by both parties, the court is now ready to rule on this motion.

For the purposes of ruling on this motion, the court accepts the following facts as true and uncontested. In 1981 the defendant W.E. Nealey, Jr., a truck driver for Piedmont Carolina Transportation, Inc., was instructed to haul a load of furniture from North Carolina to Texas. While enroute to Texas, Nealey stopped in Mobile, Alabama, and picked up the plaintiff Jesse Bryant, Jr., who was hitchhiking to Pasadena, Texas, in order to find employment. Bryant and Nealey soon struck up a friendship. Nealey bought meals for Bryant and let him sleep in the cab of the truck in exchange for his help unloading furniture. After a telephone conversation with his boss, Nealey stated that he might be able to find work for Bryant in North Carolina at Piedmont Carolina Transportation, Inc. Consequently, Bryant decided to ride back to North Carolina with Nealey, rather than get off the truck in Texas.

Somewhere around Eupora, Mississippi, a tire on the truck's drive axle blew out. Because he was unable to buy the correct tire at Eupora, Nealey elected to "single down" the truck and drive it to Columbus, Mississippi, where he could buy the correct tire with a courtesy card. As the court

understands it, the process of "singling down" involves removing the damaged tire from the twin tire assembly on the axle so that the damaged tire will not build up heat and injure the remaining, inflated tire. Although Bryant realized that it was dangerous driving the truck while it was singled down, he chose to ride with Nealey rather than abandon the possibility of getting a job with Piedmont in North Carolina. About twelve miles out of Eupora, the remaining tire on the drive axle blew out, and the truck turned over on its side. Bryant suffered a fractured femur as a result of the accident.

Bryant contends that Nealey was negligent because he failed to keep the truck under control and operated the truck in a reckless manner. Originally, Bryant sought to hold Nealey's employer, Piedmont Carolina Transportation, Inc., liable along with Nealey. However, Nealey is presently the only defendant in this suit because Bryant never served Piedmont Carolina Transportation, Inc. with adequate process. Nealey argues that he is entitled to summary judgment in this cause because Bryant assumed the risk of his injuries.

In *Elias v. New Laurel Radio Station*, 245 Miss. 170, 146 So.2d 558, 561 (1962) the court set out the elements of the assumption of the risk doctrine as follows: "(1) knowledge on the part of the injured party of a condition inconsistent with his safety; (2) appreciation by the injured party of the danger in the condition; and (3) a deliberate and voluntary choice on the part of the injured party to expose his person to that danger in such a manner as to register assent on the continuance of the dangerous condition." *See also Alexander v. Conveyors & Dumpers, Inc.*, 731 F.2d 1221, 1223 (5th Cir.1984); *McLeod v. Whitten*, 413 So.2d 1020, 1022 (Miss.1982). The assumption of the risk defense is governed by the subjective standard rather than the objective, reasonable man standard and is "a jury issue in all but the clearest cases," *McGowan v. St. Regis Paper Co., Inc.*, 419

F.Supp. 742, 746 (S.D.Miss.1976); *Daves v. Reed*, 222 So.2d 411, 414 (Miss.1969).

In the instant case it is undisputed that Bryant knew the possible consequences of riding in the truck while it was singled down. In his deposition, Bryant admitted several times that he knew the situation was dangerous because of his past experience in the trucking business. Deposition of Jesse W. Bryant at 59–60. Further, in a statement dated January 18, 1982, Bryant stated: "I knew we were riding on a loaded gun; we were just trying to make it into Columbus." These admissions are sufficient evidence that Bryant both knew and appreciated the dangers attendant with riding in the truck while it was singled down.

However, Bryant contends that the principles of contributory negligence, not assumption of the risk, should govern this case, and that if he is found negligent, his actions should only diminish his recovery rather than bar this action altogether.

In order to evaluate the application of the assumption of the risk doctrine, the court must first view that doctrine against the background of Mississippi's comparative negligence statute. In 1910, the Mississippi Legislature enacted a pure comparative negligence statute, presently codified at Miss.Code Ann. § 11–7–15 (1972), which abolished the defense of contributory negligence and established a procedure by which the amount of a plaintiff's recovery would be diminished in proportion to his negligence. Twyner, *A Survey and Analysis of Comparative Fault in Mississippi*, 52 Miss.L.J. 563, 563 (1982). Some jurisdictions that have adopted comparative negligence statutes have viewed the assumption of the risk doctrine as simply another species of contributory negligence to be balanced against the defendant's negligence for the purpose of reducing damages. *See, e.g., Rosen v. LTV Development, Inc.*, 569 F.2d 1117, 1121 (10th Cir.1978) (applying Colorado law); *Lyons v. Redding Construction Co.*, 83 Wash.2d 86, 515 P.2d 821 (1973); *Brittain v. Booth*, 601 P.2d 532 (Wyo.1979). The Mississippi Supreme Court, however, has viewed the contributo-

ry negligence doctrine and the assumption of the risk doctrine as two entirely separate defenses. In *Saxton v. Rose*, 201 Miss. 814, 29 So.2d 646, 649 (1947), the Court explained that assumption of the risk applies when a party knowingly and voluntarily places himself in a dangerous position, while contributory negligence applies when a party "by his own conduct has done something or omitted to do something which contributes to the particular event." Later, the Court in *Daves*, 222 So.2d at 414, stated that "[t]he significant difference between assumption of the risk and contributory negligence is between risks which were in fact known to the plaintiff and risks which he might have discovered by the exercise of ordinary care." Finally, the court has stated that, in order to amount to assumption of the risk, the plaintiff's conduct must be venturous, as opposed to merely careless. *See Yarbrough v. Phipps*, 285 So.2d 788, 790–91 (Miss.1973).

As the cases above demonstrate, the assumption of the risk doctrine remains a viable defense in Mississippi. However, the court in *Braswell v. Economy Supply Co.*, 281 So.2d 669 (Miss.1973) created some confusion as to when the assumption of the risk doctrine is applicable. The plaintiff in *Braswell* was injured when some improperly stacked lumber in the defendant's lumber bin fell on him. The defendant claimed that he was entitled to an assumption of the risk instruction at trial because the plaintiff, who was experienced in the construction business, either knew or should have known of the dangers lurking in the defendant's lumber bin. The court found that these facts presented a situation in which the doctrine of contributory negligence and the assumption of the risk doctrine overlapped. In holding that the granting of an assumption of the risk instruction at trial was reversible error, the court stated: "We do not abolish the doctrine of assumption of the risk, but where assumption of the risk overlaps and coincides with contributory negligence the rules of the defense of contributory negligence shall apply." *Id.* at 677. The court noted, however, that the plaintiff still could be precluded from recovery if his negligence was the sole proximate cause of the injury. *Id.*

One commentator has suggested that *Braswell* is representative of a new analysis in assumption of the risk cases in which the relevant inquiry is whether or not the plaintiff's decision to encounter a known risk was a reasonable one. *See* Twyner, 52 Miss.L.J. at 576–77. Under this analysis, a plaintiff could be precluded from recovery only if a jury finds that his decision to encounter a known risk was so unreasonable as to make his negligent decision the sole proximate cause of his injury. However, later cases have not interpreted *Braswell* in this manner and have uniformly allowed standard assumption of the risk instructions where there was evidence that the plaintiff voluntarily encountered a known risk. *See McGowan*, 419 F.Supp. at 746 (assumption of the risk instruction proper where plaintiff saw greasy spot on floor, knew that spot constituted a dangerous condition, and voluntarily walked through spot); *Singleton v. Wiley*, 372 So.2d 272, 274–75 (Miss.1982) (assumption of the risk instruction proper where plaintiff venturously rode down hill on trunk of defendant's car); *Alley v. Praschak Machinery Co.*, 366 So.2d 661, 665 (Miss.1979) (assumption of the risk instruction proper where plaintiff exposed his arm to hoist chain with knowledge that power was on).

The court feels that this is a case where the evidence might support an assumption of the risk instruction. The plaintiff has repeatedly admitted that he both knew and appreciated the dangers of riding in the truck. However, the court cannot grant the defendant's motion for summary judgment. The Mississippi Legislature has abolished the assumption of the risk defense "in all actions for personal injury to an employee and in all actions where such injury results in death ... where such injury or death results in whole or part from the negligence of the master ...." Miss. Code Ann. § 11–7–19 (1972). *See also Southern Natural Gas Co. v. Wilson*, 304 F.2d 253, 263 (5th Cir.1962) (common law rule of assumption of risk in force except

as between master and servant); *Wright v. Standard Oil Co.,* 319 F.Supp. 1364, 1372 (N.D.Miss.1970) (same); *Mississippi Export Railroad Co. v. Temple,* 257 So.2d 187, 190 (Miss.1972) (same).

 Since Bryant helped Nealey unload furniture and since Nealey compensated Bryant with food and lodging, Bryant contends that he was Nealey's employee and that the assumption of the risk defense is therefore unavailable to Nealey. Under Mississippi law, employment status is determined by the common law right of control test and the relative nature of the work test. *Saxton v. L.A. Penn & Sons, Inc.,* 284 So.2d 521, 522 (Miss.1973); *Cooks v. Neely Lumber Co.,* 275 So.2d 386, 387–88 (Miss.1973). With the scant facts before it, the court is unable to discard the possibility that there was an employment relationship between Bryant and Nealey.

Since the court cannot determine the availability of the assumption of the risk defense, summary judgment is inappropriate. Accordingly, the defendant Nealey's motion for summary judgment should be and hereby is denied.