658 So.2d 871 (1995)
Valerie HUFFMAN
v.
WALKER JONES EQUIPMENT COMPANY, INC.
No. 92-CA-00031-SCT.
Supreme Court of Mississippi.
July 20, 1995.
*872 Lisa D. Collums, Jim W. Rose, Gulfport, for appellant.
Larry L. Lenoir, Mize Blass Lenoir & Laird, Gulfport, Robert P. Myers, Jr., Mize Blass Firm, Gulfport, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
In this case, we consider the question of whether the trial court erred in granting a summary judgment based on the affirmative defenses of "open and obvious" and "assumption of the risk." Applying our recent pronouncement of the doctrine of open and obvious and the settled law of assumption of the risk, we conclude that summary judgment is not supported by either defense. Accordingly we reverse and remand for further proceedings.

I.
On April 22, 1986, Valerie Huffman, employed as a general laborer with Gibbs Construction Company, and a co-laborer, Wayne Green were directed to assemble a multi-level scaffold rented from the Walker Jones Equipment Company. After Huffman and Green assembled two tiers of the scaffold, they attempted to attach its wheels under the four corner posts of the first tier. However, only one of the four wheels would lock down, causing the scaffold to shake and wobble. Realizing that the scaffold was unsafe to climb up on to continue assembling, Huffman informed the foreman about the wheels, who despite the defect, instructed Huffman and Green to continue assembling the scaffold. Green climbed onto a cross-board placed across the second level to assemble the pieces of the third level which was to be handed to him by Huffman, who was standing on the ground next to the scaffold because she refused to climb on it. As Green reached for a piece from Huffman, the scaffolding wobbled and Green consequently dropped the piece on Huffman's shoulder causing her injury.
Huffman subsequently filed a complaint against Walker Jones in the Harrison County Circuit Court in the First Judicial District. Huffman alleged that because of Walker Jones' negligence in renting her employer the defective scaffold, she sustained bodily injuries. At a deposition, Huffman admitted that she was aware that scaffolding was defective prior to being injured and that she appreciated the fact that she could get hurt if she climbed up on the scaffold. Furthermore, Huffman admitted that despite the condition of the scaffold, she voluntarily commenced working around it. However, Huffman testified, she did not think she would be hurt while she was on the ground. In fact, Huffman testified, she figured the worst thing that could happen would be that Green would get hurt from falling from where he stood and worked on the second level.
Following the deposition, Walker Jones filed a motion for a summary judgment. *873 Walker Jones claimed that the alleged defect in the scaffolding was open and obvious and that Huffman assumed the risk of the injuries she sustained. In response, Huffman argued that she did not assume the risk by virtue of the fact that when she recognized the danger presented by the shakey scaffold she proceeded no farther and she did not know of the risk or potential danger in standing beside the scaffold.
The circuit court granted Walker Jones' motion for a summary judgment reasoning that Huffman's claim was barred under the "assumption of the risk" doctrine and "open and obvious hazard" doctrine.

II.

A.
Huffman contends that the trial court erroneously granted a summary judgment to Walker Jones based upon its affirmative defense of "open and obvious hazard" and "assumption of risk." Huffman asserts that, according to the law concerning "open and obvious hazard" and "assumption of risk", it was necessary for her to comprehend the specific risk rather than have knowledge of a general risk.
Walker Jones concedes that the question of just how open and obvious a condition may be is a question for a jury in all but the clearest cases. See Bell v. City of Bay St. Louis, 467 So.2d 657 (Miss. 1985). Walker Jones argues that the instant case "is one of the clear cases contemplated by this Court" since Huffman explicitly admitted that she saw and recognized the dangers represented by the scaffold.
Walker Jones is correct in its assertion that Huffman did recognize and comprehend the danger represented by climbing onto the scaffold. During the deposition, Huffman testified that she knew the scaffold was unsafe because the wheels would not lock and that it wobbled and shook. Furthermore, when asked why Green climbed onto the scaffold and she did not, Huffman replied, "I ain't getting up on that thing, not with it wobbling." In light of this testimony, it becomes apparent that the defect in the scaffold was open and obvious to Huffman.
However, the fact that the defect was open and obvious is not dispositive of the propriety of the summary judgment. An open and obvious defense is only a mitigation of damages on comparative negligence and not a complete bar. Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994). Thus, the grant of summary judgment was erroneous to the extent that it was based on the open and obvious doctrine.

B.
It has been well established in this State that shouldering the burden of assumption of the risk doctrine requires a showing of the following elements:
(1) knowledge on the part of the injured party of a condition inconsistent with his safety;
(2) appreciation by the injured party of the danger in the condition; and
(3) a deliberate and voluntary choice on the part of the injured party to expose his person to that danger in such a manner as to register assent on the continuance of the dangerous condition... .
Herod v. Grant, 262 So.2d 781 (Miss. 1972); Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962). Huffman also cites the following in support of her contention: Shurley v. Hoskins, 271 So.2d 439, 443 (Miss. 1973) (assumption of the risk involves a mental state of willingness to deliberately venture forth into a situation containing dangers which are fully known and appreciated); Bryant v. Nealey, 599 F. Supp. 248, 250 (N.D.Miss. 1984) (in order to amount to assumption of the risk, the plaintiff's conduct must be venturous, as opposed to merely careless); Alexander v. Conveyors & Dumpers, Inc., 731 F.2d 1221, 1224 (5th Cir.1984) (the injured party's conduct must be judged in the light of his own knowledge rather than what he "should have known."); 57 Am.Jur.2d Negligence § 822 (1989) ("the question is not whether the plaintiff should have realized the risk, which would be the issue in determining negligent conduct, but rather whether the plaintiff in fact realized *874 the risk. A knowledge of general danger is not sufficient to warrant an instruction on the defense of assumption of risk. One assumes the risk only of known specific perils. Mere knowledge of the fact that injury might result without appreciation of the risk is insufficient.").
Huffman contends that although she perceived the danger of climbing onto the unstable scaffold, she did not appreciate the risk of being injured by standing beside it. Because she did not appreciate the specific risk of being injured by someone working on the scaffold as she stood beside it, Huffman argues that the trial court erroneously applied the assumption of the risk doctrine.
Walker Jones contends that Huffman has admitted she "possessed subjective knowledge of the dangerous condition of the scaffolding." Therefore, Walker Jones argues Huffman assumed the risk of her injury. Walker Jones further contends that Huffman's argument that she did assume the risk of the specific injury sustained is riddled with endless possibilities of other specific injuries she did not foresee. Walker Jones argues that it is of little relevance how she was injured because of the scaffold. The only important factor, Walker Jones asserts, is that Huffman knew that the scaffolding was inconsistent with her personal safety.
Walker Jones' argument is without merit. Assumption of the risk is measured by the subjective standard of the injured party. Herod v. Grant, 262 So.2d 781, 782 (Miss. 1972); Daves v. Reed, 222 So.2d 411, 414 (Miss. 1969). Also, it must be shown that the risk was known to the injured party and that the injured party appreciated the danger in the condition. Shurley v. Hoskins, 271 So.2d 439, 443 (Miss. 1973); Herod v. Grant, 262 So.2d 781 (Miss. 1972); Daves v. Reed, 222 So.2d at 414 (Miss. 1969); Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962). Furthermore, the injured party's conduct must rise to a level of venturousness, as opposed to carelessness, with regards to appreciation of the known peril. Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947); Bryant v. Nealey, 599 F. Supp. 248, 250 (N.D.Miss. 1984). See also McDaniel v. Ritter, 556 So.2d 303, 319 (Miss. 1989) (Sullivan, J., separate dissenting opinion) (explaining the distinction between contributory negligence and assumption of the risk).
In the instant case it is undisputed that Huffman knew the scaffold was in a dangerous condition. It is further undisputed that Huffman appreciated the danger the scaffold represented to her person if she climbed on to it, which is why, Huffman testified, she did not climb on it in the first place. Whether Huffman fully appreciated the danger of standing adjacent to the scaffold despite knowledge of its defective condition, thus demonstrating conduct which rose to a level of venturousness, is debatable. At the deposition Huffman testified that she did appreciate the danger the scaffold represented to an individual who climbed on it, but not to individuals, like herself, who were standing adjacent to the scaffold. Indeed, Huffman testified, that the worst thing she thought could happen would be that Green would fall off of the scaffold. Arguably, Huffman, being fully aware of the scaffold's condition should have vacated the area in which it stood. However, based on her testimony, this alternative did not occur to her. In any event any lack of care on Huffman's part should be resolved within the parameters of comparative negligence, rather than assumption of the risks, since the former pertains to carelessness, rather than venturousness. See Braswell v. Economy Supply Company, 281 So.2d 669, 674 (Miss. 1973); Daves v. Reed, 222 So.2d 411, 414 (Miss. 1969); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947).

III.
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.