262 So.2d 781 (1972)
Eddie Earl HEROD, Appellant-Defendant,
v.
Joseph GRANT, Appellee-Plaintiff.
No. 46670.
Supreme Court of Mississippi.
May 22, 1972.
Rehearing Denied June 19, 1972.
Crawley, Brooks & Guyton, Kosciusko, for appellant.
Liston & Upshaw, James Y. Dale, Greenwood, for appellee.
PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of Montgomery County wherein the appellee was awarded $15,000 in damages for injuries received by him *782 in falling from the appellant's truck. We reverse.
On the evening of October 24, 1969, Joseph Grant, plaintiff below, and Eddie Earl Herod, defendant below, engaged in a common enterprise to rid the appellee's bean field of predatory wild animals. Each equipped himself with a headlight and a rifle and at approximately 10:00 p.m. ventured into the appellee's bean field in the appellant's pickup truck. In scanning the field they observed a deer and the appellee seated himself in a cross-legged position upon a tool box situated in the bed of the truck immediately to the rear of the cab. The appellant then drove the truck not more than fifteen to twenty miles per hour along the rows of the field which had been combined that afternoon by the appellee. The deer, when it became illuminated by the lights of the truck and the headlights of the occupants, was twice fired upon by the appellee to no avail when the weapon jammed. He then obtained the rifle of the appellant in furtherance of his defense of the field when the deer, which had been running parallel to the truck, veered toward the vehicle, motivating the appellant, according to the appellee, to suddenly increase the speed of the truck in an attempt to run over the deer. This action, as well as a slight turn of the vehicle by the appellant, caused the appellee to fall from the tool box to the ground, seriously injuring him.
The testimony of the appellant is substantially the same with the exception that he denies the truck was rapidly accelerated or sharply turned from its path.
The sole issue before the Court is whether the appellee, by engaging in this activity, assumed the attendant risk attached to the endeavor.
In Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962), and Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967), we quoted with approval the rule relative to the necessary elements of assumption of risk as set forth in 19 Mississippi Law Journal, Negligence-Automobile Accidents-Assumption of Risk as a Defense-Contributory Negligence Distinguished, at 370 (1948), wherein it is stated:
... The elements which must be found in order to constitute a defense of assumption of risk are generally stated in some such terms as the following: (1) Knowledge on the part of the injured party of a condition inconsistent with his safety; (2) appreciation by the injured party of the danger in the condition; and (3) a deliberate and voluntary choice on the part of the injured party to expose his person to that danger in such a manner as to register assent on the continuance of the dangerous condition....
The critical question for this Court to answer is whether the plaintiff comprehended a knowledge of the risk involved in riding in the rear of the truck. We have stated that the assumption of risk is governed by the subjective standard of the plaintiff himself whereas contributory negligence is measured by the objective standard of a reasonable man, and that the assumption of risk is a jury question in all but the clearest cases. Daves v. Reed, 222 So.2d 411 (Miss. 1969).
In considering subjective knowledge, 1 Blashfield Automobile Law and Practice, section 64.3 (3d Ed. 1965), stated that:
Subjective knowledge is more difficult to prove. Plaintiff may always claim he did not know of the facts creating the risk, or that he did not comprehend the risk involved. Evidence contradicting this is difficult to secure. The jury, having no external standard by which to judge his knowledge, must determine whether he is telling the truth. However, the courts have indicated a willingness to override such contentions of plaintiff where they find that any person of ordinary intelligence must, as a matter of law, have known and appreciated the risk... .
In discussing knowledge and appreciation of the risk, the textwriter in 57 Am.Jur.2d, *783 Negligence, section 282 (1971) indicates that:
Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge and there may be assumption of the risk. In some cases the circumstances may show as a matter of law that the risk was understood and appreciated, and often they may present in that particular a question of fact for the jury. Also, the plaintiff may not close his eyes to obvious dangers, and cannot recover where he was in possession of facts from which he would be legally charged with appreciation of the danger.
In cases involving the issue of assumption of risk, an understanding of the danger involved and consent to assume the risk may be shown by circumstances. However, in the absence of evidence that the injured person knew of the danger, or that the danger was so obvious that he must be taken to have known of it, it cannot be held that he assumed the risk of injury therefrom... .
The case of De Winne v. Waldrep, 101 Ga. App. 570, 114 S.E.2d 455 (1960), presents a fact situation remarkably similar to that of the case at bar. In De Winne a party fell or was thrown from the back of a pickup while driving through open fields and hunting deer. The Georgia Court of Appeals held that one who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious that the act of taking such risk is and of itself amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages for injuries thus occasioned. The case at bar clearly presents a stronger fact situation for application of the assumption of risk doctrine than De Winne for the reason the parties here were defending, or hunting, at night and travelling through a cultivated field traversed by plowed rows.
We are of the opinion that Joseph Grant, by hunting deer from a seated position upon a tool box in the bed of the truck in the late evening hours in a cultivated field, assumed the risk that the vehicle might either pass over rough ground or that it might be accelerated or swerved in the excitement of the chase, or a combination thereof, none lending itself to safety, but rather all pointing directly to a precarious position from which injury could very easily flow. There being no relationship of master and servant, the appellee, a mature and reasonable man, assumed the risk of the endeavor for which no liability extends to the defendant.
We are of the opinion the trial court should have sustained the defendant's motion for a directed verdict at the conclusion of the plaintiff's testimony.
Reversed and rendered.
GILLESPIE, C.J., and INZER, SMITH and ROBERTSON, JJ., concur.