285 So.2d 788 (1973)
Cheryl YARBROUGH, a minor, by J.C. Yarbrough, father & next friend
v.
Mitchell PHIPPS.
No. 47307.
Supreme Court of Mississippi.
December 3, 1973.
*789 Eugene C. Tullos, Raleigh, for appellant.
L.D. Pittman, Crymes G. Pittman, Raleigh, for appellee.
BROOM, Justice:
This was a tort suit. The appellant, Cheryl Yarbrough, plaintiff below, sued the appellee Phipps, defendant below, for damages as a result of personal injuries she sustained when struck by an automobile driven by Wayne Garner. Garner's vehicle struck Phipps' automobile and then hit appellant. A jury verdict was returned in favor of the appellee at the trial in the Circuit Court of Smith County. From a judgment based upon the jury verdict, appellant brings this appeal. We reverse.
On April 5, 1971 at approximately 11:00 p.m., Bobby Yarbrough was driving a car occupied by others, including appellant, Cheryl Yarbrough. As they proceeded down the River Road (a paved highway) in a southerly direction at a point about seven and one-half miles northeast of Taylorsville, they observed an overturned truck in a ditch. They also saw appellee's parked car at the scene of the accident. Bobby stopped to render aid.
After the truck accident and prior to Bobby's arrival there, Mack Blakeney arrived first. Next and second to arrive was the appellee, who came from the south. Bobby's vehicle arrived thirdly or just after appellee. According to appellee, he parked his car as far off the highway as possible and at an angle that would allow his headlamps to shine down into the ditch onto the truck therein. Blakeney corroborated this. However, it is admitted by appellee that he parked his car at least partially on the paved portion of the road headed northerly and on the left side of the highway.
Testimony of the appellant herself and Bobby Yarbrough was to the effect that the car of appellee was parked in the west traffic lane with only the left wheels of his car off the pavement. The west lane in which he parked was for southbound traffic, but appellee's car was pointed northerly with its lights on. It is disputed as to whether his lights were on upper beam or lower beam. The scene of the accident was only three-tenths of a mile south of a curve in the road. Between the curve and the accident scene was a small hill. Testimony of the appellant was that there was enough room on the shoulder of the highway for appellee to pull his car completely off the traffic lanes. Blakeney and appellee both testified that Blakeney waved a flashlight at other cars which passed without incident to slow them down and warn them of the accident that had already occurred.
Bobby Yarbrough drove the car occupied by him, the appellant, and others southerly and past the appellee's parked car. Bobby then parked on the shoulder of the road completely off the pavement and about twenty-five feet south of appellee's car. All occupants of the Yarbrough car, including appellant, got out and walked back to the scene of the first accident (ditched, overturned truck). They stood on the west shoulder of the road beside appellee's parked car. On cross-examination the appellant stated that she knew appellee's car, beside which she stood, was in a dangerous position, but she denied that she "reconized that danger."
Shortly after appellant and her friends arrived and stood several feet off the highway, another car was seen coming around the curve. Blakeney began waving his *790 flashlight. The oncoming car, headed in a southerly direction, was driven by Wayne Garner. It swerved to the west shoulder of the road in an apparent effort to avoid a collision with appellee's car. Garner's car collided with the open door on the driver's side of appellee's parked car. Continuing onward, the Garner vehicle then struck appellant and others standing nearby. Appellant said she saw the oncoming car only an instant before it hit her. She was knocked unconscious and remembered nothing else.
After first making a settlement with Garner, appellant sued the appellee, Phipps. She charged appellee with multiple acts of negligence and the appellee answered by denying all charges of negligence. He pleaded as an affirmative defense that the appellant was barred from recovery because of her alleged assumption of the risk.

I
The first proposition is whether or not the trial judge erred in refusing to grant the peremptory instruction requested by appellant. We find no merit in this proposition and hold that there was present upon the record a jury question as to proximate cause. Targett v. Brand, 207 So.2d 345 (Miss. 1968); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952); Gulf Ref. Co. v. Brown, 196 Miss. 131, 16 So.2d 765 (1944). The case is being reversed for another reason, and is subject to retrial; however, we deem it appropriate to point out that appellant upon the record as made below, would upon request be entitled to an instruction advising the jury that appellee was guilty of negligence as a matter of law in parking his car and leaving it untended, as is shown by the record, in violation of Mississippi Code 1942 Annotated section 8215 (1956). See Huff v. Boyd, 242 So.2d 698 (Miss. 1971). Such an instruction must of course be properly worded and granted only if warranted by the evidence adduced at a new trial.

II
The next proposition before us is whether or not the court erred in granting appellee's instruction No. 7. It embodies assumption of the risk and reads as follows:
The Court instructs the jury for the defendant that if you believe from a preponderance of the evidence in this case that the plaintiff in standing where she did at the time of the alleged accident voluntarily placed herself in a perilous and dangerous position and if you further believe from a preponderance of the evidence that in so doing her action was reckless and negligent and she assumed a risk then she cannot recover from this defendant.
The instruction is deficient in that it is too vague and indefinite to be useful as a guide for the jury. It does not contain a requirement that appellant knew and understood that her action in positioning herself where she stood would not be safe or would be dangerous. It was calculated to confuse and mislead rather than guide the jury and, therefore, it should not have been granted. We feel compelled to point out these deficiencies, although as is pointed out below, the instruction was not proper for other reasons.
Only in rare circumstances has this Court ever approved the granting of any instruction based on the doctrine of assumption of the risk. The court has approved its use in automobile accident cases where one knowingly rides with a drunken driver and admittedly could have taken over the driving. Morris v. Lammons, 243 Miss. 684, 139 So.2d 867 (1962). Such an instruction was more recently approved in a case where the plaintiff was injured while deer hunting at night from the back of a pickup truck. Herod v. Grant, 262 So.2d 781 (Miss. 1972). The instruction should seldom be employed except where the plaintiff's conduct is venturous, and much more venturous than was the conduct of appellant here. Consistent reluctance of *791 this Court to approve jury instructions based on the doctrine of "assumption of the risk" is clear from a review of cases dealing with the subject. Upon retrial of this cause the jury should be permitted to decide whether or not the appellant herein was guilty of contributory negligence in positioning herself off the highway where she was injured by a third party who struck her after first striking the negligently parked vehicle of appellee. Her action was not of such venturousness as to merit an assumption of the risk instruction being asserted by appellee as a possible shield from liability.
Three elements of inquiry, which must be pointed out to the jury in an assumption of risk instruction, are whether: (1) the injured party has knowledge of the condition inconsistent with her safety; (2) the injured party appreciated the danger in the condition; and (3) the injured party deliberately and voluntarily chose to expose herself to that danger in such a manner as to register assent on the continuance of the dangerous situation. Elias v. New Laurel Radio Sta., Inc., 245 Miss. 170, 146 So.2d 558 (1962), citing 19 Miss.L.J. 369, 370 (1948). See, e.g., Herod v. Grant, 262 So.2d 781 (Miss. 1972); Comment, Assumption of Risk in Mississippi  Time For A Change?, 44 Miss.L.J. 452 (1973).
The third element, i.e., a deliberate and voluntary choice on the part of the injured party (appellant) to expose her person to danger in such a manner as to register assent on the continuance of the dangerous situation, is conspicuously not present here. The record does not show that it was her decision to stop the car in which she had been traveling as a passenger. As revealed in this record, her going with the other occupants of the car to the place where they were standing when they were injured does not exhibit such a deliberate and voluntary choice, or venturousness, on her part to expose her person to the danger of an automobile that might later come over the hill, as did the car of Wayne Garner, in such a manner as to register assent thereto. To employ an assumption of the risk instruction for the appellee here requires that the appellant should have assumed that some third party would drive negligently and injure her as she stood where she was positioned completely off the highway. Such an assumption here is too far fetched to be logical.
It is also noted that the instruction under discussion attempted to combine elements of contributory negligence and the doctrine of assumption of risk. This Court had contributory negligence and assumption of the risk theories before it in Braswell v. Economy Supply Company, 281 So.2d 669 (Miss. 1973). In that case, though not an auto accident case, we held that: "Where assumption of risk overlaps and coincides with contributory negligence the rules of the defense of contributory negligence shall apply." Braswell, 281 So.2d at 677. In that opinion we further stated: "This rule does not prevent a defense on the ground that a plaintiff's injury was caused by his negligence, if his negligence was the sole proximate cause of the injury." Braswell, 281 So.2d at 677. We commend to the bench and the bar of this state, for careful study on the subject of assumption of risk and contributory negligence, our decision in Braswell, supra.
It is our opinion that the appellee's instruction number seven (7) should not have been granted and that the granting of it was reversible error.
Reversed and remanded.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.