372 So.2d 272 (1979)
Dewayne Roger SINGLETON, a minor, by and through his Mother and next friend, Regina Garrett
v.
Johnny Ray WILEY, a minor.
No. 51186.
Supreme Court of Mississippi.
May 23, 1979.
Rehearing Denied July 18, 1979.
*273 Zuccaro, Riley, Pintard & Brown, J. Walter Brown, Jr., Edwin E. Kerstine, Natchez, for appellant.
Gwin & Gwin, Wise Carter Child Steen & Caraway, Jerome B. Steen, Edward J. Currie, Jr., Margaret A. Hegman, Jackson, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Dewayne Roger Singleton, a minor, through his mother and next friend, Regina Garrett, brought suit against Johnny Ray Wiley, also a minor, in the Circuit Court of Adams County, for injuries sustained by him when he fell off of the trunk compartment of Wiley's car.
After a full trial, the jury returned a verdict for the defendant, and judgment was entered thereon. Although the appellant has assigned four errors which he contends were committed by the trial court, the litigants agree that the principal assignment of error, upon which the case must stand or fall, was the granting of both comparative negligence and assumption of risk instructions.
Not being able to start his car after band practice on March 11, 1976, at the North Natchez High School, Wiley asked those who rode with him, including Singleton, to push him off. It was necessary to first push Wiley's car around to head it down the driveway. This was done on the gravel portion of the driveway. Singleton testified that, after they had gotten the car turned around, he was pushing the car with his back to the rear of the car; that as the car moved from the graveled portion to the sloping paved portion the car seemed to jerk forward and start; that his elbow got stuck between the rear bumper and the body of the car, and he was pulled off balance.
When he freed his elbow, he was still off-balance, so, according to Singleton, he attempted to keep his back pressed against the trunk and somehow got up on the back of the car, that he hollered to Wiley to "hold up" but that Wiley merely grinned at him and continued on down the hill, that when Wiley got to the bottom of the hill he turned sharply to the right on Triumph Lane Street, and he [Singleton] was thrown off and hit his head on the pavement. Singleton was treated by Dr. Jerry Iles of Natchez, and Dr. Orlando J. Andy of the University Hospital in Jackson. Dr. Andy testified that the principal injury was the loss of the sense of taste and smell, which, according to Singleton, hindered him in his laboratory work as a student at the University of Southern Mississippi.
Richard Brooks and Jonathan Grennell testified that all the other boys stopped pushing at the top of the hill, but that Singleton jumped on the back of the defendant's car in a spirit of fun and rode down the hill. Both witnesses testified that Singleton did not catch his elbow or any *274 part of his clothing on the car, and that they did not hear anybody call to Wiley to stop the car, and that as he got to the bottom of the hill Singleton attempted to jump off but lost his balance and fell on his head.
Singleton called Vernon L. Green in rebuttal. He testified that Singleton was pushing with his back to the car, that he stumbled and caught his balance on the back of the car, and that he [Green] heard Singleton holler "hold up". Green could not say whether Wiley heard Singleton.
A picture of the rear of the car was introduced and Wiley testified that he could only get his fingers up to the second knuckle between the rear bumper and the trunk. Wiley did not hear anybody holler and did not look back. He was listening for the whine of the clutch to tell when to release it and start the engine.
Plaintiff contends that Defendant's instruction D-13 is peremptory in nature and does not provide sufficient guidelines to the jury to weigh the negligence of both parties. D-13 recites:
The Court instructs the jury that if you find from a preponderance of the evidence in this case that the plaintiff, Dewayne Roger Singleton, after pushing the defendant's automobile so as to start the automobile rolling down the driveway in question, deliberately and voluntarily jumped onto the back of the automobile as it was rolling down the driveway in question, then the Court instructs you that the plaintiff was guilty of negligence, and if you further find from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of the accident in question, then it is your sworn duty to return a verdict for the defendant, Johnny Ray Wiley.
We think that the giving of this instruction was justified by the evidence adduced and the jury was properly instructed that only if they found from a preponderance of the evidence "that such negligence, if any, was the sole proximate cause of the accident" could they return a verdict for the defendant.
This is one of those rare cases where the doctrines of comparative negligence and assumption of risk appear to overlap, and where instructions on both could be given.
Appellant also complains of instruction D-15:
The Court instructs the jury that the assumption of the risk doctrine applies when a person voluntarily and knowingly places himself in a position or submits himself to a condition, appreciating that injury to himself on account thereof is likely to occur at any time so long as such condition or position continues. Should you believe from a preponderance of the evidence in this case that the plaintiff, Dewayne Roger Singleton, voluntarily placed himself in a position of danger by voluntarily jumping onto the back of a moving automobile being operated by the defendant and notwithstanding such awareness appreciated that injury to himself was likely to occur at any time, then your verdict must be for the defendant, Johnny Ray Wiley.
Appellant's principal criticism of D-15 is that it does not contain the three key elements requisite for the imposition of the assumption of risk doctrine. In Alley v. Praschak Machine Company, 366 So.2d 661 (Miss. 1979), in discussing an assumption of risk instruction, this Court said:
"Three (3) essentials must appear in the doctrine of assumption of risk. They are stated in Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962), as follows:
`The elements which must be found in order to constitute a defense of assumption of risk are generally stated in some such terms as the following: (1) Knowledge on the part of the injured party of a condition inconsistent with his safety; (2) appreciation by the injured party of the danger of the condition; and (3) a deliberate and voluntary choice on the part of the injured party to expose his person to that danger in such a manner as to register assent on the continuance of the dangerous *275 condition.' 245 Miss. at 179, 146 So.2d at 561-562.
.....
In Braswell v. Economy Supply Company, 281 So.2d 669 (Miss. 1973), the Court discussed knowledge and appreciation of assumption of risk, and, citing 57 Am.Jur.2d Negligence § 282 (1971) said:
`Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge and there may be assumption of the risk. In some cases the circumstances may show as a matter of law that the risk was understood and appreciated, and often they may present in that particular a question of fact for the jury. Also, the plaintiff may not close his eyes to obvious dangers, and cannot recover where he was in possession of fact from which he would be legally charged with appreciation of the danger.' 281 So.2d at 674-675." 366 So.2d at 664.
In Braswell, supra, this Court had this to say about our comparative negligence statute and its effect on the doctrine of assumption of risk:
"Since our comparative negligence statute (Section 1454 Mississippi Code 1942 Annotated) was first adopted in 1910, the doctrine of assumption of risk has been recognized in some cases as a bar to an action by plaintiff and is deeply ingrained in the law of this state. However, the doctrine has been limited and restricted so that the application of the doctrines of assumption of risk and of contributory negligence to a particular factual situation poses a perplexing question, and where the two overlap and coincide, the absence of a definitive rule magnifies the problem." 281 So.2d at 673.
However, in Braswell, we did go on to say:
"The doctrine of assumption of risk was properly applied to the unusual facts of this case and it represents one of the rare instances where it is applicable." 281 So.2d at 675.
In Yarbrough v. Phipps, 285 So.2d 788 (Miss. 1973), this Court had this to say about an assumption of risk instruction:
"The instruction should seldom be employed except where the plaintiff's conduct is venturous...". 285 So.2d at 790.
We feel that the jury could have concluded from the evidence adduced in the case at bar that this 18 year old high school student did voluntarily and knowingly jump on the back of a moving car in a spirit of fun and venturousness while the driver was looking ahead and concentrating on starting the car, and that plaintiff's negligence was thus the sole proximate cause of his injuries.
Appellant secured two strong instructions [P-6 and P-10] on contributory negligence. That was appellant's theory of his case. Appellee presented his theory of the case in Instructions D-13 and D-15, his theory being that if the negligence of the appellant was "the sole proximate cause of the accident in question" then it was the duty of the jury to return a verdict for the defendant.
We feel that considering all of the instructions together, both those for the Plaintiff and those for the Defendant, that the jury was properly and fully instructed, and furnished sufficient guidelines to properly decide the questions submitted to them.
Inasmuch as this case involved factual questions for the jury to resolve and inasmuch as the jury was properly instructed as to the law, we are of the opinion that the judgment of the trial court based on the jury verdict should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.