## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas R. Passarelli, P.C.

v.

Eileen J. Bentley et al.

October 17, 1995

Case No. (Law) 136565

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court for trial on September 25, 1995, before a jury. Plaintiff brings a civil action for compensatory and punitive damages against Eileen J. Bentley and for compensatory damages against Richard A. Bentley arising out of alleged embezzlement of certain monies from the Plaintiff. By prior order entered June 16, 1995, judgment in the amount of $18,699.92 in compensatory damages was entered against Mrs. Bentley. At issue at trial were Plaintiff's claims against Mrs. Bentley for punitive damages and against Mr. Bentley for compensatory damages. At trial a jury returned a verdict in favor of the Plaintiff against Mrs. Bentley for punitive damages in the amount of $50,000.00. A separate order reflecting that verdict has been entered.

During the course of the jury trial, Plaintiff moved this Court to deem admitted certain requests for admission against Mr. Bentley. Mr. Bentley had stated in writing that, after reasonable inquiry, the information known or readily obtainable by him was insufficient to enable him to admit or deny those requests. Request for Admission No. 2 asked Mr. Bentley to admit "that Richard Allen Bentley and Eileen Jeanne Bentley jointly owned Heritage Bank account number 1604148506 from at least May 23, 1991, through at least February 3, 1994." Upon examination by Plaintiff's counsel, Mr. Bentley testified that the only inquiry he had made in answering Request for Admission No. 2 was to inquire of his wife whether they jointly owned such an account. Based on his wife's response and his own knowledge, he was uncertain of the answer and therefore could neither

admit nor deny the request. The Court found as a matter of fact in accordance with Rule 4:11 of the Rules of the Supreme Court of Virginia that the extent of Mr. Bentley's inquiry was not reasonable; that information was known or readily obtainable by him sufficient to enable him to admit or deny the request; that his answer did not comply with the requirements of the Rule; and that therefore Request for Admission No. 2 was deemed admitted. Plaintiff also sought the Court to deem an additional request as admitted for the same reason, which motion the Court denied.

At the conclusion of the Plaintiff's evidence, the Defendant moved to strike the evidence, which motion the Court took under advisement. The defense put on no evidence and renewed its motion to strike. The Court asked both counsel what disputed facts were present for the jury to decide as to the claim against Mr. Bentley. Both counsel stipulated that there were no facts in dispute for the jury to decide. Agreeing that the issue before the Court was one of law and not fact, the Court did not submit the claim against Mr. Bentley to the jury for decision.

The undisputed facts are as follows. Between 1990 and 1994, Mrs. Bentley served as the Plaintiff's bookkeeper and office administrator. During that period, she embezzled $44,000.00 of Plaintiff's funds by various means, including forging signatures on checks, writing checks to herself and other entities, and making wire transfers. Of that $44,000.00, about $24,000.00 was deposited directly into a joint account of Mr. and Mrs. Bentley. Plaintiff asserts that the deposit of that money into a joint account of Mr. and Mrs. Bentley makes Mr. Bentley liable for the funds. The Defendant contends that absent a showing of exercise of dominion and control by Mr. Bentley over the funds, or use of the funds for his benefit, he is not liable. There was no testimony as to Mr. Bentley's knowledge that the funds were deposited in the joint account, his knowledge of embezzlement activities on the part of his wife, or use of the funds by him or for his benefit. There was no testimony as to whether any funds presently remain in the joint account.

The issue before the Court is whether the embezzlement of funds and the deposit of those funds by the embezzler into a joint account of the embezzler and another party make that other party liable in a civil action by the victim of the embezzlement for the recovery of the funds.

Although Plaintiff's theory of recovery against Mr. Bentley is not specified, the Motion for Judgment is sufficient to allow recovery on a variety of legal theories, should the evidence support it. Those theories include conversion and assumpsit. Based on its proposed jury instructions, Plain-

tiff also seeks recovery against Mr. Bentley for "receipt of embezzled funds."

The Court finds that Mr. Bentley is not liable for conversion of the funds embezzled and deposited in the joint bank account. Conversion is any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession. *Buckeye Nat. Bank v. Huff & Cook*, 114 Va. 1 (1912). The tort of conversion consists of any distinct act of dominion wrongfully exerted over the property of another in denial of or inconsistent with his rights. *Acorn Structures, Inc. v. Swantz*, 657 F. Supp. 760 (W.D. Va. 1987). It is not necessary that the wrongdoer apply the property to his own use. *Credit Corp. v. Kaplan*, 198 Va. 67 (1956).

There was no evidence presented at trial that Mr. Bentley wrote checks on the account, made use of account funds for himself or others, or even knew that the embezzled funds were being deposited into the account. Any wrongful exercise or assumption of authority was committed by Mrs. Bentley only. There is no evidence that Mr. Bentley committed a "distinct act of dominion wrongfully exerted" over the account funds. Although Mr. Bentley was named on the account, this evidence alone is insufficient to support the allegation that Mr. Bentley exercised dominion and authority over the embezzled funds.

Plaintiff cites *Norfolk v. Norfolk County*, 120 Va. 356 (1917), to support its claim that it may recover from Mr. Bentley under a theory of assumpsit for his "receipt of embezzled funds." Whenever one person has in his hands money equitably belonging to another, that other person may recover it by an action for assumpsit for money had and received. *Furr v. Arnold*, 202 Va. 684 (1961). An action for assumpsit may be brought for a breach of an express or implied contract, and where a defendant has been unjustly enriched at the expense of a plaintiff by the wrongful or tortious act of a defendant, the law will imply a promise to pay against the defendant. *See Raven Red Ash Coal Co. v. Ball*, 185 Va. 534 (1946); *Schmidt v. Wallinger*, 125 Va. 361 (1919).

However, the implied promise does not arise in every case, but only where, in equity and good conscience, the duty to make such a promise exists. When a defendant has derived no right from a plaintiff and has not by mistake or fraud received the benefit of any original right of a plaintiff to the plaintiff's detriment, no such duty exists. *Norfolk v. Norfolk County*, 120 Va. 356 (1917). Where no benefit accrues or is intended to accrue to the tortfeasor through either misrepresentations of fact or other false pre-

tense, the action for assumpsit cannot, as a general rule, be substituted for an action in tort. *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534 (1946); *Schmidt v. Wallinger*, 125 Va. 361 (1919).

No evidence was presented at trial proving that Mr. Bentley acted wrongfully against the Plaintiff. The Plaintiff did not demonstrate that Mr. Bentley accrued or intended to accrue a benefit from the deposits made to the account by his wife. As noted above, the Plaintiff failed to show that Mr. Bentley in any way benefitted from, made use of, or had any knowledge of the existence of embezzled funds in the account he shared with his wife. Accordingly, the Court finds that Mr. Bentley is not liable to the Plaintiff under an action for either conversion or assumpsit.